Filed 8/29/23  P. v. Dixon CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C097914 |
| v. | (Super. Ct. No. 22CR000026) |
| JASON EDWARD DIXON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jason Edward Dixon asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

On January 5, 2022, an officer from the Red Bluff Police Department viewed a video recording of the theft of a white 2018 GMC Sierra truck from a used car lot.  The video showed two men, later determined to be defendant and his companion, loitering around the truck.  In the video, defendant started the truck and drove away.  The truck

1

was found abandoned with the rear tailgate, taillights, and truck-bed cover removed. The exterior lockbox that held the keys to the truck had cut marks on it comparable to those made by a reciprocating saw.

Later, the officer noticed two individuals matching the description of the men in the video surveillance standing next to a white GMC Sierra truck, similar to the one stolen. The officer saw that there was damage to that truck's tailgate and rear bumper, and the taillights were faded and cracked. There was a reciprocating saw in the truck bed.

The officer conducted a traffic stop of the truck and spoke to defendant, who was driving. Defendant's companion and two women were in the truck. The officer informed defendant that surveillance video showed him stealing a truck. When shown a picture of himself, defendant said it was not him. Both defendant and his companion denied stealing the truck.

An information charged defendant with driving or taking a vehicle worth more than $900 without consent. (Veh. Code, § 10851, subd. (a).) It alleged defendant was previously convicted of the same crime (Pen. Code, § 666.5) and had two prior convictions within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

Defendant pleaded guilty to theft of a vehicle worth more than $900 (Veh. Code, § 10851, subd. (a)) and admitted a prior conviction of the same offense (Pen. Code, § 666.5), with the understanding that he would be sentenced to no more than three years in state prison. The probation department initially recommended a state prison sentence but later recommended formal probation for two years if a drug court program was included. On January 30, 2023, based on defendant's criminal history and poor performance on parole, the trial court sentenced him to the middle term of three years, consistent with the plea agreement.

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

DISPOSITION

The judgment is affirmed.

                                        /S/
                              MAURO, Acting P. J.


We concur:



        /S/
MESIWALA, J.



        /S/
WISEMAN, J.[*]

---

[*] Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.